**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 21-36 |
| v. | ) | |
| | ) | |
| | ) | |
| DARWIN LAMEL GREEN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Robert J. Colville, United States District Judge

Before the Court is Defendant's Motion to Remain on Bond Pending Appeal (ECF No. 123). The Government filed a Response (ECF No. 127) to Defendant's Motion on January 6, 2023. For the reasons that follow, Defendant's Motion will be granted.

On June 3, 2022, Defendant pled guilty to Count 1 of the Indictment in this matter, which charged him with Possession of a Firearm and Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(l). As a condition of Defendant's guilty plea, the parties agreed that Defendant may take a direct appeal from his conviction limited to the issues and arguments raised in his Motion to Suppress (ECF No. 46), which this Court denied by way of Memorandum Opinion and Order of Court (ECF Nos. 71 and 72) on February 28, 2022. Specifically, the plea agreement provides: "If Darwin Green takes a direct appeal raising this issue and prevails in the appeal, he may withdraw his plea of guilty." ECF No. 90-1 at 3. On December 20, 2022, the Court sentenced Defendant to 36 months incarceration and a 3-year term of supervised release. Defendant filed an appeal on January 4, 2023, and his Motion indicates that he intends to challenge this Court's decision on his suppression motion.

1

With respect to detention or release pending an appeal filed by a defendant, 18 U.S.C. §

3143(b) provides:

> (b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>>
>>> (i) reversal,
>>>
>>> (ii) an order for a new trial,
>>>
>>> (iii) a sentence that does not include a term of imprisonment, or
>>>
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b).  Accordingly, the Court must find that: (1) there exists clear and convincing

evidence that the person is not likely to flee or pose a danger to the safety of any other person or

the community if released; and (2) that the appeal is not for the purpose of delay and raises a

substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not

include a term of imprisonment, or a reduced sentence.

Initially, the Court finds that the record contains sufficient evidence to establish by clear

and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any

other person or the community if released pending appeal under the previously imposed conditions of release set forth at ECF No. 17.  It bears noting that, in opposing Defendant's Motion, the Government relies only on argument that Defendant's appeal fails to raise a substantial question of fact or law, and does not set forth argument that Defendant fails to establish that he is not a flight risk or danger while subject to the previously imposed conditions of release.  On December 16, 2020, Defendant was released on a $10,000 unsecured appearance bond, by consent, *see* ECF No. 14, after his initial appearance in this matter.  During the entire two-year period that followed, Defendant appeared in court at all stages of this action, including sentencing, and has not materially violated his conditions of release.[1]   Further, after imposing sentence, the Court permitted Defendant to voluntarily surrender to the Bureau of Prisons by February 21, 2023.  The Court agrees with Defendant that its decision to permit voluntary surrender after imposition of three-year sentence reflects a finding that Defendant does not pose a flight risk or a danger to the community while under the previously imposed conditions of release.  The Court also notes that the Government did not oppose voluntary surrender, and also acknowledged during sentencing that Defendant has "done well on bond."  Tr. 24:20-21.  The Court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released pending appeal subject to the conditions previously imposed at ECF No. 17.

The Court also finds that Defendant's appeal is not brought for purposes of delay.  With respect to the issue of whether Defendant's appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence, the Court notes that a successful appeal as to the Court's denial of Defendant's

---

[1] Defendant submitted two positive drug tests for marijuana during the pendency of this action.  The Court finds that these tests do not indicate a flight risk or a danger posed by Defendant.

suppression motion would result in Defendant being permitted to withdraw his guilty plea. Defendant's guilty plea resulted in a three-year sentence of incarceration in this matter. Accordingly, Defendant's appeal satisfies the requirement that the issues raised are likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence.

In light of the holdings above, the only issue before the Court is whether Defendant has raised a substantial question of law or fact.  Defendant argues that this Court incorrectly decided his suppression motion, and specifically asserts that this Court incorrectly rejected Defendant's arguments that: (1) suppression of the evidence discovered at the Hamilton Avenue address was warranted because "the probable cause affidavit authored in support of the search warrant failed to establish any 'nexus' between criminal activity and that address"; and (2) suppression of any firearm-related evidence was appropriate because the warrant at issue "lacked probable cause with respect to any firearms-related evidence because, aside from a boilerplate recitation about the relationship between drug traffickers and firearms generally, the probable cause affidavit contains no averments at all regarding Mr. Green and his possession or other connection to firearms."  Mot. 4-5, ECF No. 123.  The Court rejected these arguments in denying Defendant's suppression motion, and is confident in its holdings and analysis with respect to these issues.  The Court notes, however, that it need not predict that reversal is the likely outcome to find that an appeal presents a substantial issue of fact or law.  *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985).  Rather, the Court must find that the issues raised are "fairly debatable" among jurists of reason.  *United States v. Smith*, 793 F.2d 85, 90 (3d Cir. 1986).  The Court finds that Defendant's appeal, which challenges this Court's denial of Defendant's suppression motion, raises issues that satisfy the "fairly debatable" requirement such that he has raised substantial issues on appeal.  While the

Court is confident in its decision to deny Defendant's suppression motion, the Court also acknowledges that Defendant has raised arguments which can accurately be described as "fairly debatable" among jurists of reason. Accordingly, the Court will grant Defendant's Motion.

For the reasons discussed above, Defendant's Motion to Remain on Bond Pending Appeal (ECF No. 123) is granted. The Court finds that the statutory requirements of Title 18 U.S.C. § 3143(b) have been met, and Defendant shall be permitted to remain on bond pending appeal in this matter. Defendant shall remain under the same release conditions set forth at ECF No. 17. Any violation of these conditions shall be brought promptly to the attention of the Court. The Court's directive that Defendant be required to voluntarily surrender to the Bureau of Prisons by February 21, 2023 is hereby vacated without prejudice. Following appeal, the Court will set an updated surrender date, if and when appropriate.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: January 13, 2023

cc:     Counsel of Record via CM-ECF
        U.S. Probation Office
        U.S. Marshal