IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 21-36 |
| v. | ) | |
| | ) | |
| DARWIN LAMEL GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

Robert J. Colville, United States District Judge

The undersigned files this Memorandum Order because, regrettably, the Court believes that its January 13, 2023 Memorandum Order (ECF No. 130) insufficiently addressed the issues potentially raised by the Government in its January 6, 2023 Motion for Clarification (ECF No. 129). The Court extends its sincere apologies to counsel, and, as further explained below, regrets its initial failure to fully apprehend the potential scope of the Government's Motion for Clarification.

In its Motion for Clarification, the Government sought clarification of the Court's following statement made at sentencing:

> Mr. Conway makes the point that there appears – it appears that much of the present charges occurred, at least within the environment of possible, but not likely, involvement with drug trafficking. Respectfully, I don't find it appropriate for me to take that into consideration respecting sentencing, although I understand why the argument is made.

Mot. 1, ECF No. 129 (emphasis added) (quoting Tr. 38:15-21, ECF No. 128). The Court's initial understanding of the Government's Motion for Clarification was that the Government simply

1

sought clarification as to whether, in reference to Defendant's alleged involvement with drug trafficking, the Court said, "but not likely," as reported in the originally prepared transcript, or "if not likely," as recalled by counsel.

The Court confirmed counsel's recollection and agreed that the Court had stated: "if not likely." The Court attempted to clarify that it was not making a finding that it was, in fact, more or less likely that the Defendant was involved in drug trafficking activity, but rather that the Court was aware of the Government's argument respecting those allegations and their potential impact upon the sentence imposed in this matter.

Upon subsequent review of the Government's Motion for Clarification, however, the Court first recognized that, perhaps, the Government's Motion sought, albeit less explicitly than the "but/if" clarification described above, further clarification from the Court, and quite arguably, for good reason. The Court observes that it had spoken inartfully, at best, when it made the following statement: "Respectfully, I don't find it appropriate for me to take that into consideration respecting sentencing, although I understand why the argument is made." The first substantive clause of that sentence, as stated, is simply inaccurate and fails to clearly communicate what the Court knows otherwise to be true about its own considerations regarding sentencing.

As is perhaps evident from other aspects of the sentencing hearing, the Court believes it is demonstrably apparent that the Court did, in fact, consider such conduct in imposing its sentence.[1] Contrary to its misstatement set forth above, it is far more accurate to state that, although considered, the Court determined that the evidence of Defendant's uncharged drug-trafficking activity, recognized by the Court as proven by a preponderance of the evidence, carried very little

---

[1] Including not only the Court's explicit statements regarding its review of the complete file, its consideration of the Presentence Investigation Report and its details, and the court's recognition of the Government's argument (i.e. "understand[ing] why the argument is made"), but also by function of the fact that the Court itself affirmatively and explicitly acknowledged the Government's argument regarding the evidence of Defendant's drug trafficking activities.

to no weight in relation to other considerations identified and addressed by the Court during the sentencing.

As indicated above, the Court, sincerely apologizes to counsel, and in particular counsel for the Government who, the Court now recognizes, may have intended to give this Court an opportunity to clarify what it did not make clear initially.  The Court now believes that it may have failed to recognize, and properly respond to that invitation in its January 13, 2023 Memorandum Order.  The Court issues this Memorandum Order in an attempt to, belatedly,[2] rectify that failure.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: February 23, 2023

cc:     All counsel of record

---

[2] The Court acknowledges, as it must, the limitations on a trial court's ability to supplement the record in this matter, *see Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) ("Generally, when an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors . . . [,]" and, of course, defers to the United States Court of Appeals for the Third Circuit to do as it deems most appropriate with respect to potential consideration of this supplemental memorandum order.  The Court's intention is simply to clarify the record in light of its inartful statement, and not to alter the record on appeal.  The Court again apologizes for any inconvenience caused by this belated clarification.